RECEIPT # [illegible]
AMOUNT $ [illegible]
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. CMG
DATE 5-7-04

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS TEACHERS ASSOCIATION,    )
DAVID NICHOLS and DEBRA NICHOLS,    )
CLIFF SYLVIA and LORI PELTOLA,    )
DANA MORRILL and SHEILA MORRILL,    )
ANTHONY LEONE and JUDITH LEONE,    )
FRED GRANDINETTI and DOROTHY GRANDINETTI,    )

    Plaintiffs    )    Civil Action No. 04-10910 EFH
              )    MAGISTRATE JUDGE Dein

v.    )

DAVID P. DRISCOLL, as he is the Chairman of the    )
    Massachusetts Teachers Retirement Board,    )
TIMOTHY P. CAHILL, as he is State Treasurer and ex officio    )
    Member of the Massachusetts Teachers Retirement Board,    )
NICOLA FAVORITO, as he is the State Treasurer's Designee,    )
A. JOSEPH DeNUCCI, as he is State Auditor and ex officio    )
    Member of the Massachusetts Teachers Retirement Board,    )
JOHN W. PARSONS, as he is the State Auditor's Designee,    )
JOHN A. M. DOW, Jr., as he is a Member of the Massachusetts    )
    Teachers Retirement Board,    )
ELLEN T. HARGRAVES, as she is a Member of the    )
    Massachusetts Teachers Retirement Board,    )
LINDA M. RUBERTO, as she is a Member of the Massachusetts    )
    Teachers Retirement Board,    )
GEORGE F. McSHERRY, as he is a Member of the    )
    Massachusetts Teachers Retirement Board, and    )
JOAN SCHLOSS, as she is Executive Director of the    )
    Massachusetts Teachers Retirement Board    )

    Defendants    )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*Preliminary Statement*

1. This is an action for declaratory and injunctive relief for violations of the

plaintiffs' rights arising from the Contracts Clause and the Takings Clause of the United

States Constitution. In 2003, the Massachusetts Legislature enacted St. 2003, c. 26, § 175

("section 175"), which repealed G.L. c. 32, § 5(1)(e), a long-standing feature of the

1

Massachusetts public employee retirement law that afforded certain spousal retirement benefits for public employees ("the spousal benefit"). The individual plaintiffs, as members in good standing in the Massachusetts Teachers Retirement System at the time of the repeal, enjoy contractual rights to the benefits afforded by the retirement law, including the spousal benefit, and are harmed by the repeal thereof without receiving just compensation or other retirement benefits of equal value in return. The plaintiffs seek a judgment declaring that the purported repeal of § 5(1)(e) may not be validly applied to persons who were members of the retirement system as of its effective date and they seek an injunction restraining the defendants from administering the Massachusetts Teachers Retirement System in a manner inconsistent with their rights under the Constitution.

*Jurisdiction and Venue*

2. The Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

3. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b).

*Parties*

4. Plaintiff MASSACHUSETTS TEACHERS ASSOCIATION ("MTA") is a corporation organized to promote the use of its members' collective powers to advance their professional and economic interests and brings this action on behalf of its members. Its members are current or former public school teachers and are members of the retirement system administered by the Teachers' Retirement Board. Members of the MTA thus have standing to bring this action in their own right. The economic interests the MTA seeks to protect are germane to its organizational purpose and neither the claim asserted nor the declaratory and injunctive relief requested requires the participation of individual members in the lawsuit.

2

5. Each individual plaintiff is a current or former "teacher," as that term is defined in M.G.L. c. 32, § 1, or is married to such a current or former teacher. Each individual plaintiff is an active or retired member of a retirement system governed by M.G.L. c. 32 and has paid the stipulated contributions specified in M.G.L. c. 32.

6. Plaintiffs CLIFF SYLVIA and LORI PELTOLA are married to each other and reside in Wareham, Massachusetts. Mr. Sylvia was employed by the Wareham Public Schools for thirty-one years and the Sandwich Public Schools for six years until his retirement in 2003. Ms. Peltola is employed by the Wareham Public Schools. As of the date of this complaint, Ms. Peltola is 49 years of age.

7. Plaintiffs ANTHONY LEONE and JUDITH LEONE are married to each other and reside in Auburn, Massachusetts. Mr. Leone was employed by the Shrewsbury Fire Department and retired in 1996. Ms. Leone is employed by the Spencer Public Schools. As of the date of this complaint, Ms. Leone is 51 years of age and had planned to retire in June 2004. The deprivation of the spousal benefit has caused uncertainty in Ms. Leone's retirement plans.

8. Plaintiffs DANA MORRILL and SHIELA MORRILL are married to each other and reside in Dracut, Massachusetts. Mr. Morrill was employed by the Dracut Public Schools and retired in 2003. As of the date of this complaint, Ms. Morrill is 52 years of age and employed by the Dracut Public Schools. Ms. Morrill plans to retire in June 2004. The deprivation of the spousal benefit will result in a reduced retirement benefit to Ms. Morrill of approximately $5,000 per year. Had that reduction been known to Mr. Morrill at the time he retired, he would have postponed his retirement date.

9. Plaintiffs DAVID NICHOLS and DEBRA NICHOLS are married to each other and reside in Andover, Massachusetts. Mr. Nichols is employed by the Andover Public

Schools and plans to retire within three years. Ms. Nichols is also employed by the Andover Public Schools. As of the date of this complaint, Ms. Nichols is 49 years of age.

10. Plaintiffs FRED S. GRANDINETTI and DOROTHY M. GRANDINETTI are married to each other and reside in Watertown, Massachusetts. Mr. Grandinetti was employed by the Watertown Public Schools and retired in 2003. Ms. Grandinetti is currently employed by the Watertown Public Schools. As of the date of this complaint, Ms. Grandinetti is 54, but she will not reach the age of 55 until March 2005. Ms. Grandinetti plans to retire in June 2004. Mr. Grandinetti elected to retire early with a pension benefit of $44,411 (compared to a maximum benefit of $49,823 had he continued teaching) in reliance on the spousal benefit law, which would have deemed Ms. Grandinetti to be age 55 in June 2004 and allowed her to retire with a benefit of $40,897, instead of retiring at age 54 with a benefit of $38,873.

11. The Massachusetts Teachers Retirement Board is a seven-member board established by M.G.L. c. 15, § 16, and is authorized to administer and manage the teachers' retirement system established under M.G.L.c. 32, § 20(2), of which all public school teachers in the Commonwealth of Massachusetts are members. Among the powers and duties of the Teachers Retirement Board is the duty to "provide for the payment of retirement allowances and other benefits . . . under the applicable provisions of sections one to twenty-eight, inclusive." M.G.L. c. 32, § 20(5)(b).

12. Defendant DAVID P. DRISCOLL is the Massachusetts Commissioner of Education and, as such, serves ex officio as Chairman of the Teachers Retirement Board.

13. Defendant TIMOTHY P. CAHILL, is the Massachusetts State Treasurer and, as such, is an ex officio member of the Teachers Retirement Board. Pursuant to M.G.L. c. 15, § 16, he may appoint a designee to serve in his stead and has appointed the defendant NICOLA FAVORITO to serve in that capacity.

14. Defendant A. JOSEPH DeNUCCI is the Massachusetts State Auditor and, as such, is an ex officio member of the Teachers Retirement Board. Pursuant to M.G.L. c. 15, § 16, he may appoint a designee to serve in his stead and has appointed the defendant JOHN W. PARSONS to serve in that capacity.

15. Defendant JOHN A. M. DOW, Jr., is a Member of the Teachers Retirement Board, having been elected by the membership.

16. Defendant ELLEN T. HARGRAVES is a Member of the Teachers Retirement Board, having been appointed by the Governor.

17. Defendant LINDA M. RUBERTO is a Member of the Teachers Retirement Board, having been elected by the other six members.

18. Defendant GEORGE F. McSHERRY is a Member of the Teachers Retirement Board, having been elected by the membership.

19. Defendant JOAN SCHLOSS is the Executive Director of the Teachers Retirement Board, having been appointed by the Board.

20. In administering the Teachers Retirement System, the defendants at all times act under color of law. They are sued in their official capacities only.

*Facts*

21. Each individual plaintiff is a current or past "employee," as defined in M.G.L. c. 32, § 1. As further provided in § 1, the individual plaintiffs became "members" of the teachers retirement system or the retirement system of a political subdivision when they commenced employment by their respective public schools or other political subdivisions of the Commonwealth.

22. In exchange for their agreement to become public school teachers or other public employees of political subdivisions of the Commonwealth, the plaintiffs were promised compensation in various forms, including annual salary and retirement benefits. The

annual salary of plaintiffs who are public school teachers was to be paid by the local school districts and was governed by collective bargaining agreements entered into on a district basis for a specified period of years. The annual salary of plaintiffs who are not public school teachers was to be paid by their respective political subdivision and was also governed by collective bargaining agreements entered into on a city or town basis for a specified period of years. The retirement benefits of all plaintiffs were to be calculated and paid by their respective retirement systems under uniform terms governed by M.G.L. c. 32, §§ 1 et seq. Such retirement benefits constituted an inducement to the plaintiffs to both enter public employment and to continue such employment to the material advantage of their respective employers.

23. Each individual plaintiff agreed to become a public employee after the enactment in 1956 of M.G.L. c. 32 § 25(5), which explicitly establishes a "contractual relationship" between members of the retirement system and the Commonwealth. The full text of M.G.L. c. 32 § 25(5) is as follows:

> The provisions of sections one to twenty-eight, inclusive, and of corresponding provisions of earlier laws shall be deemed to establish and to have established membership in the retirement system as a *contractual relationship* under which members who are or may be retired for superannuation are entitled to *contractual rights and benefits*, and no amendments or alterations shall be made that will deprive any such member or any group of such members of their pension rights or benefits provided for thereunder, if such member or members have paid the stipulated contributions specified in said sections or corresponding provisions of earlier laws. (Emphasis added).

24. Section 5(1) of M.G.L. c. 32 sets forth the "Conditions for Allowance" of superannuation retirement benefits. Prior to its repeal, paragraph (e) provided as follows:

> Where husband and wife are both members of the same or different systems and one of the two members is retired under the provisions of sections one to twenty-eight inclusive, the other member, upon his or her written application on a prescribed form filed with the board, shall be retired for superannuation irrespective of age as of a date which shall be specified in such application and

6

which shall be subsequent to but not more than four months after the filing of such application.

25. The spousal benefit, as most recently codified in M.G.L. c. 32 § 5(1)(e), has been a feature of the Commonwealth's retirement law for over eighty years. See St. 1922, c. 341, § 3.

26. As interpreted and applied by the defendants prior to its repeal, the spousal benefit was available to married couples, both members of which were members of a public retirement system, and provided that if one spouse retired, the other, younger, spouse had a right to retire also, regardless of his or her actual age, at a benefit level equivalent to what he or she would receive had she retired at the age of retirement for superannuation. The age of retirement for superannuation is currently age 55.

27. All of the individual plaintiffs began employment and entered the Massachusetts retirement system at some time after the spousal benefit law became effective.

28. The individual plaintiffs were induced to remain in the employment of their respective public employers in part by the retirement benefits offered by M.G.L. c. 32, including the spousal benefit.

29. The individual plaintiffs made significant life decisions relating to retirement in reliance on the retirement benefits offered by M.G.L. c. 32, including the spousal benefit.

30. On June 30, 2003, the Governor approved the Fiscal Year 2004 (FY04) general appropriations act, St. 2003, c. 26. Section 175 of this act repealed the spousal benefit as follows:

> Subsection (1) of section 5 of chapter 32 of the General Laws, as appearing in the 2000 Official Edition, is hereby amended by striking out paragraph (e).

31. Section 175 became effective on July 1, 2003. See St. 2003, c. 26, § 715.

32. Neither section 175 nor any other law purports to apply its terms only to individuals entering the retirement system on or after its effective date.

33. The defendants have interpreted section 175 to apply to members of the retirement system as of its effective date.

34. Each of the individual plaintiffs was a public school teacher (or married to a public school teacher) and a member of the retirement system as of the effective date of section 175.

35. The plaintiffs had no expectation that the spousal benefit would be repealed by the Legislature. Instead, plaintiffs had every expectation, particularly in light of the language of M.G.L. c. 32 § 25 (5), that the Legislature would not and legally could not alter the substantive terms and conditions of their retirement rights and benefits at the time of their entry into the "contractual relationship."

36. In the wake of this unexpected repeal, the plaintiff Massachusetts Teachers Association and other interested parties protested to the Legislature against the unilateral change to the public school teachers' retirement benefits.

37. In response, the Legislature passed a supplemental appropriations act, St.2003, c. 55, section 10 of which extended the effective date of section 175 to November 1, 2003.

38. Thereafter, the Governor vetoed section 10 of the supplemental appropriations act, thus preventing the postponement of the repeal of the spousal benefit.

39. On October 23, 2003, the Legislature overrode the Governor's veto, thus establishing the extension of the spousal benefit to November 1, 2003.

40. Accordingly, any person seeking to avail themselves of the benefit of § 5(1)(e) was required to apply therefore during the period October 23 through October 31, 2003.

## Count I: Violation of the Contracts Clause and 42 U.S.C. § 1983

41. Each individual plaintiff, having begun and maintained employment as a public school teacher or other public employee and having become a member of the

8

Massachusetts retirement system, entered into a contract with the Commonwealth pursuant to M.G.L. c. 32, § 25(5).

42. When each plaintiff entered into employment with a political subdivision of the Commonwealth of Massachusetts, the retirement benefits set forth in M.G.L. c. 32, including the spousal benefit, constituted a core inducement on which the plaintiffs reasonably relied in entering into and continuing such employment.

43. In reliance on the substantive provisions of M.G.L. c. 32, including the spousal benefit, the individual plaintiffs developed legitimate, material expectations as to when and at what benefit level he or she could retire.

44. Section 175 repealed an important feature of the retirement system on which the individual plaintiffs reasonably relied and it offered no substitute benefit of commensurate value to them.

45. Section 175 substantially impaired the plaintiffs' contracts with the Commonwealth. Such a substantial impairment violates article I, § 10, cl. 8, of the United States Constitution ("the Contracts Clause"), which states: "No state shall . . . pass any . . . law impairing the obligation of contracts."

46. The repeal of the spousal benefit was designed solely to relieve the Commonwealth of financial obligations it would otherwise have had to satisfy. The costs associated with the spousal benefit are neither unduly large nor are they unforeseen.

47. The repeal of the spousal benefit and its application to persons who became members of the retirement system prior to its enactment are neither reasonable nor necessary to serve any important State purpose.

48. At all times relevant, the defendants acted under color of state law.

<u>Count II: Violation of the Takings Clause and 42 U.S.C. § 1983</u>

49. Each individual plaintiff, having begun and maintained employment as a public school teacher or other public employee and having become a member of the Massachusetts retirement system, acquired property of substantial value, in the form of contract rights, pursuant to M.G.L. c. 32, § 25(5).

50. Section 175 unilaterally abrogated and negated one such contractual right, thus depriving the individual plaintiffs of property, ostensibly for a public purpose, without offering or paying just compensation to them.

51. Section 175 effected a taking of the plaintiffs' property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

52. At all times relevant, the defendants acted under color of state law.

*Prayers for Relief*

WHEREFORE, the plaintiffs respectfully request that the Court grant relief as follows:

A.   Preliminarily enjoin the defendants or their agents from denying the individual plaintiffs the benefits under the spousal benefit law as in effect prior to July 1, 2003, and from October 23 through October 31, 2003.

B.   After trial, declare pursuant to 28 U.S.C. § 2201 that the denial of the spousal benefit to Massachusetts public employees who became members of the retirement system after the passage of M.G.L. c. 32 § 5(1)(e) and § 25(5), but before the effective date of § 5(1)(e)'s repeal, constitutes a violation, as described herein, of the Contracts Clause and the Takings Clause of the United States Constitution.

C.   Permanently enjoin the defendants or their agents from denying the plaintiffs the benefits under the spousal benefit law as in effect prior to July 1, 2003, and from October 23 through October 31, 2003.

D.  Award the plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

E.  Grant such other relief as the court deems just and appropriate.

By their attorneys,

*Sandra C. Quinn /by cv*
Sandra C. Quinn (BBO# 409640)
Legal Division
Massachusetts Teachers Association
20 Ashburton Place
Boston, MA 02108
617.878.8331

*Carl Valvo*
Carl Valvo (BBO #507380)
Nicholas A. Kenney (BBO #650784)
Cosgrove, Eisenberg & Kiley, P.C.
One International Place, Suite 820
Boston, MA 02110
617.439.7775

Dated:  May 7, 2004