UNITED STATES DISTRICT COURT IN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 JUL 12  A II: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MASSACHUSETTS TEACHERS ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-10910-EFH |
| DAVID P. DRISCOLL, as he is the Chairman of the Massachusetts Teachers Retirement Board, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants David P. Driscoll, as he is the Chairman of the Massachusetts Teachers

Retirement Board, et al., in their official capacities and not individually ("defendants"), herewith

answer plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") in the

above-referenced matter as follows:

### PRELIMINARY STATEMENT

1.      The first sentence purports to describe the relief sought in the Complaint, which

speaks for itself as to its terms. No response thereto is required. Further answering, to the extent

that the first sentence contains a legal conclusion, no response is required. Further answering, to

the extent that an answer may be required, defendants deny the allegations contained in the first

sentence and deny that the plaintiffs are entitled to the relief they seek. Defendants admit the

allegations contained in the second sentence insofar as the sentence states that in 2003, the

Massachusetts Legislature enacted St. 2003, c. 26, § 175. The remaining allegations contained in

the second sentence purport either to characterize or to describe the contents of a legislative act

and a statute, which act and statute speak for themselves as to their terms. No response thereto is

required. The third sentence purports to set forth legal conclusions as to which no response is

required. To the extent that an answer may be required, defendants deny the allegations

contained in the third sentence, except admit that the records of the Massachusetts Teachers'

Retirement Board indicate that all of the individual plaintiffs, with the exception of Anthony

Leone, were members of the Massachusetts Teachers' Retirement System at the time of the

repeal. The fourth sentence purports to describe the relief plaintiffs seek. No response thereto is

required.

## JURISDICTION AND VENUE

2.      Paragraph 2 purports to set forth a legal conclusion. No response thereto is

required.

3.      Paragraph 3 purports to set forth a legal conclusion. No response thereto is

required.

## PARTIES

4.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 4. Further answering, to the extent that the third

and fourth sentences purport to set forth legal conclusions, no response thereto is required.

5.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence, except admit that the records of the

Massachusetts Teachers Retirement Board indicate that, by virtue of the individual plaintiffs'

enrollment in the Massachusetts Teachers Retirement System, the individual plaintiffs (except

Anthony Leone) are presumed to be or to have been teachers. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence, except admit that the records of the Massachusetts Teachers Retirement Board indicate that each individual plaintiff (except Anthony Leone, as to whom defendants deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in the second sentence) is an active or retired member of a retirement system governed by Mass. Gen. Laws Ann. c. 32.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences, except admit that the records of the Massachusetts Teachers Retirement Board indicate that Cliff Sylvia is married to Lori Peltola; that he resides in Wareham, Massachusetts; that he was employed by the Wareham Public Schools between the years 1972 and 1997 (defendants therefore deny the allegation contained in the second sentence that he was employed by the Wareham Public Schools for thirty-one years); that he was employed by the Sandwich Public Schools between the years 1997 and 2003; and that he retired in 2003. Further answering, defendants admit that the records of the Massachusetts Teachers Retirement Board indicate that Lori Peltola is married to Cliff Sylvia; that she resides in Wareham, Massachusetts; and that she is employed by the Wareham Public Schools. Based on the records of the Massachusetts Teachers Retirement Board, defendants deny the allegation contained in the fourth sentence.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fifth sentences, except admit that the records of the Massachusetts Teachers Retirement Board indicate that Judith Leone resides in

3

Auburn, Massachusetts. Defendants deny the allegations contained in the third sentence, except admit that the records of the Massachusetts Teachers Retirement Board indicate that Ms. Leone is employed by the Spencer-East Brookfield Public Schools. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence, except deny, based on the records of the Massachusetts Teachers Retirement Board, that Ms. Leone was 51 years of age as of the date of the Complaint.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, except admit that the records of the Massachusetts Teachers Retirement Board indicate that Dana Morrill is married to Sheila Morrill; that he resides in Dracut, Massachusetts; that he was employed by the Dracut Public Schools; and that he retired in 2003. Further answering, defendants admit that the records of the Massachusetts Teachers Retirement Board indicate that Sheila Morrill is married to Dana Morrill; that she resides in Dracut, Massachusetts; that she was 52 years of age as of the date of the Complaint; that she is employed by the Dracut Public Schools; and that she intends to retire in June 2004.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences, except admit that the records of the Massachusetts Teachers Retirement Board indicate that David Nichols is married to Debra Nichols; that he resides in Andover, Massachusetts; and that he is employed by the Andover Public Schools. Further answering, defendants admit that the records of the Massachusetts Teachers Retirement Board indicate that Debra Nichols is married to David Nichols; that she resides in Andover, Massachusetts; and that she is employed by the Andover Public Schools.

Based on the records of the Massachusetts Teachers Retirement Board, defendants deny the allegation contained in the fourth sentence.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, except admit that the records of the Massachusetts Teachers Retirement Board indicate that Fred S. Grandinetti is married to Dorothy M. Grandinetti; that he resides in Watertown, Massachusetts; that he was employed by the Watertown Public Schools; that he retired in 2003; and that his pension benefit is $45,016.20 (defendants therefore deny the allegation contained in the sixth sentence that his pension benefit is $44,411).  Further answering, defendants admit that the records of the Massachusetts Teachers Retirement Board indicate that Dorothy M. Grandinetti is married to Fred S. Grandinetti; that she resides in Watertown, Massachusetts; that she is employed by the Watertown Public Schools; that as of the date of the Complaint she was 54 years of age; that she will reach the age of 55 in the month and year specified in the Complaint (see Local Rule 5.3(A)(3)); that she plans to retire in June 2004; and that her retirement benefit will be $38,834 (defendants therefore deny the allegation contained in the sixth sentence that her benefit is $38,873).

11.    Defendants admit the allegation contained in the first sentence that the Massachusetts Teachers Retirement Board is a seven member board established by statute. Defendants deny the allegation contained in the first sentence that "all public school teachers in the Commonwealth of Massachusetts are members[]" of the teachers' retirement system. The remaining allegations contained in paragraph 11 either purport to set forth legal conclusions, as to which no response is required, or quote from or purport to characterize the contents of statutory provisions, which speak for themselves as to their terms. No response thereto is

required.

12.    Defendants admit the allegations contained in paragraph 12.

13.    Defendants admit the allegations contained in the first sentence.  Defendants admit the allegations contained in the second sentence, except insofar as that sentence sets forth a legal conclusion as to which no response is required.

14.    Defendants admit the allegations contained in the first sentence.  Defendants admit the allegations contained in the second sentence, except insofar as that sentence sets forth a legal conclusion as to which no response is required.

15.    Defendants admit the allegations contained in paragraph 15.

16.    Defendants admit the allegations contained in paragraph 16.

17.    Defendants admit the allegations contained in paragraph 17.

18.    Defendants admit the allegations contained in paragraph 18.

19.    Defendants admit the allegations contained in paragraph 19.

20.    The first sentence purports to set forth a legal conclusion as to which no response is required.  The second sentence purports to characterize the capacity in which the defendants have been sued.  No response thereto is required.

## FACTS

21.    Paragraph 21 purports to set forth legal conclusions as to which no response is required.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first through the fourth sentences.  The fifth sentence purports to set forth a legal conclusion, as to which no response is required.

23.     With respect to the first sentence, defendants admit that the records of the Massachusetts Teachers Retirement Board indicate that, based on date of birth, the individual plaintiffs (with the exception of Anthony Leone as to whom defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence) would have been employed, if at all, as public employees after 1956. The remainder of the first sentence purports to set forth a legal conclusion. No response thereto is required. The second sentence purports to set forth the contents of a statutory provision, which speaks for itself as to its terms. No response thereto is required.

24.     The first sentence purports to characterize the contents of a statutory provision. No response thereto is required. The second sentence purports to set forth the contents of a statutory provision, which speaks for itself as to its terms. No response thereto is required.

25.     Defendants deny the allegations contained in paragraph 25, except admit that Mass. Gen. Laws Ann. c. 32, § 5(1)(e) was enacted in 1945.

26.     Defendants deny the allegations contained in the first sentence, except admit the allegations contained in the first sentence insofar as the interpretation and application described therein refers to the period after approximately October 1992 and prior to repeal of Mass. Gen. Laws Ann. c. 32, § 5(1)(e) and refers to the benefit level equivalent to what he or she would receive had he or she retired at the minimum age of retirement for superannuation. Defendants deny the allegations contained in the second sentence, except admit that the minimum age factor for superannuation retirement is 1.5, which, for a teacher, is associated with age 55.

27.     Based on the records of the Massachusetts Teachers Retirement Board, defendants admit that all of the individual plaintiffs (except Anthony Leone as to whom defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 27) began employment and entered the Massachusetts retirement system at some time

after the spousal benefit law became effective.

28.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 28.

29.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 29.

30.    Defendants admit the allegations contained in the first sentence. The second

sentence purports to set forth the contents of a legislative enactment, which speaks for itself as to

its terms. No response thereto is required.

31.    Defendants admit the allegations contained in paragraph 31.

32.    Paragraph 32 purports to set forth a legal conclusion. No response thereto is

required. Further answering, paragraph 32 purports to characterize the contents of a legislative

enactment, which speaks for itself as to its terms. No response thereto is required.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint

except admit that defendants, in accordance with PERAC's memo 36/2003, have applied section

175 to members of the retirement system as of its effective date.

34.    Defendants refer plaintiffs to the answers to paragraphs 1 and 5 for the response to

this paragraph.

35.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence. Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegation contained in the second

sentence as to what the plaintiffs' alleged "expectation[s]" were. Further answering, the remainder of the second sentence purports to set forth a legal conclusion as to which no response is required.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.    Defendants admit that the Legislature passed a supplemental appropriations act. St. 2003, c. 55. Further answering, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 37 that the Legislature passed a supplemental appropriations act "[i]n response" to the circumstances described in paragraph 36. The remainder of paragraph 37 purports to set forth a legal conclusion as to which no response is required.

38.    Defendants admit that the Governor vetoed section 10 of the supplemental appropriations act. The remainder of paragraph 38 purports to set forth a legal conclusion as to which no response is required.

39.    Defendants admit that on October 23, 2003, the Legislature overrode the Governor's veto of section 10 of the supplemental appropriations act. The remainder of paragraph 38 purports to set forth a legal conclusion as to which no response is required.

40.    Paragraph 40 purports to set forth a legal conclusion. No response thereto is required.

## COUNT I

41.    Paragraph 41 purports to set forth a legal conclusion. No response thereto is required.

42.    Paragraph 42 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 42.

43.    Paragraph 43 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 43.

44.    Paragraph 44 purports to characterize the contents of a legislative enactment, which speaks for itself as to its terms.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 44.

45.    Paragraph 45 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 45.  Further answering, to the extent that paragraph 45 sets forth the contents of a provision of the United States Constitution, the provision speaks for itself as to its terms.  No response thereto is required.

46.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.    Paragraph 47 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 47.

48.    Paragraph 48 purports to set forth a legal conclusion.  No response thereto is required.

## COUNT II

49.    Paragraph 49 purports to set forth a legal conclusion.  No response thereto is required.

50.    Paragraph 50 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 50.

51.    Paragraph 51 purports to set forth a legal conclusion.  No response thereto is required.  To the extent that an answer may be required, defendants deny the allegations contained in paragraph 51.

52.    Paragraph 52 purports to set forth a legal conclusion.  No response thereto is required.

## FIRST AFFIRMATIVE DEFENSE

One or more plaintiffs lack standing to bring this action.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks retrospective or monetary relief, the action is barred by the Eleventh Amendment

## THIRD AFFIRMATIVE DEFENSE

This Court should abstain from deciding this case.

## FOURTH AFFIRMATIVE DEFENSE

This action should be stayed, as it presents one or more questions of law which should be certified to the Massachusetts Supreme Judicial Court.

11

## FIFTH AFFIRMATIVE DEFENSE

A Contracts Clause claim is not redressable under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

This action fails to state a claim upon which relief can be granted

## SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further

defenses that may become available or apparent during discovery proceedings in this case and

hereby reserve the right to amend their answer to assert any additional defenses.

Accordingly, defendants pray that this action be dismissed with prejudice and the Court

award such other and further relief as it deems proper and just.

Respectfully submitted,

DAVID P. DRISCOLL, as he is Chairman
of the Massachusetts Teachers Retirement
Board, et al.,

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

Jane L. Willoughby BBO 555693
Assistant Attorney General
Administrative Law Division
Government Bureau
One Ashburton Place, Rm. 2019
Boston, Massachusetts 02109
(617) 727-2200, ext. 2615

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail (by hand)
on 7/12/04 .

Dated: July 12, 2004